```
                                              FILED

                                         2019 MAY 29 PM 1:35

                                         CLERK US DISTRICT COURT
                                           DISTRICT OF ARIZONA
```

MICHAEL BAILEY
United States Attorney
District of Arizona
Angela W. Woolridge
Assistant U.S. Attorney
Arizona State Bar No. 022079
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

CR19-01396 TUC-RM(LCK)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Luis Fernando Gracia,<br>Counts 1, 2, 4, 5<br><br>Esteban Magallanes-Castro,<br>Counts 1,<br><br>Victor Garayzar,<br>Counts 1,<br><br>Juan Alberto Ramos-Sharpe,<br>Counts 1, 3<br><br>    Defendants. | I N D I C T M E N T<br><br>Violations:<br><br>18 U.S.C. § 371<br>(Conspiracy)<br>Count 1<br><br>18 U.S.C. § 554(a)<br>(Smuggling Goods From the United States)<br>Count 2, 3<br><br>18 U.S.C. § 1001(a)(2)<br>(False Statements)<br>Count 4<br><br>18 U.S.C. § 1956(a)(2)(A)<br>(Money Laundering)<br>Count 5<br><br>18 U.S.C. §§ 981(a)(1)(C), 982(a)(1);<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNT 1

From on or about February 12, 2015, through on or about August 29, 2018, at or near Nogales and elsewhere within the District of Arizona, LUIS FERNANDO GRACIA, ESTEBAN MAGALLANES-CASTRO, VICTOR GARAYZAR, and JUAN ALBERTO RAMOS-SHARPE did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses

against the United States, that is: to knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, or object, contrary to any law or regulation of the United States, and to receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article or object, knowing the same to be intended for exportation contrary to any law or regulation of the United States; in violation of Title 18, United States Code, Section 554(a).

## Purpose of the Conspiracy

The purpose of this conspiracy was to commit, and assist in the commission of, the unlawful smuggling of Export Administration Regulations controlled items and commodities from the United States into the Republic of Mexico. The items smuggled or intended to be smuggled in the course of this conspiracy include ballistic helmets, rifle scopes, tasers, pepper spray, batons, and handcuffs.

## The Means and Methods of the Conspiracy

The means and methods employed by the defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that certain defendants would purchase and obtain Export Administration Regulations controlled items and commodities in the District of Arizona.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would transfer these items to other defendants and/or co-conspirators for the purpose of smuggling the items from the United States into the Republic of Mexico.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would transport these items within the District of Arizona with the knowledge that the items were intended to ultimately be transported from the United States into the Republic of Mexico, and/or transport the items from the United States into the Republic of Mexico.

It was a further part of the conspiracy that the defendants and/or their co-conspirators did not have any valid license or other authority to export the items from the

United States into the Republic of Mexico, and/or failed to file an Electronic Export Information through the Automated Export System for the items.

### Overt Acts

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

Between February 12, 2015, and August 29, 2018, in Nogales, Arizona, Luis Fernando Gracia acquired a number of tactical items – including 6,881 handcuffs, 3,434 batons, 1,903 pepper sprays, 31 tasers, 21 ballistic helmets, and two rifle scopes – for the purpose of exporting the items from the United States into Mexico. Gracia failed to file an Electronic Export Information through the Automated Export System for the above-mentioned Export Administration Regulations controlled items and commodities. Instead of obtaining a Bureau of Industry and Security export license as required to lawfully export the ballistic helmets and rifle scopes, Gracia enlisted the assistance of others to smuggle the items from the United States into Mexico.

During this timeframe, Luis Fernando Gracia provided the items intended to be smuggled from the United States into Mexico to Esteban Magallanes-Castro for the purpose of facilitating the smuggling of the items. Gracia also provided monetary compensation to Magallanes-Castro for his assistance in smuggling the items into Mexico.

During this timeframe, Esteban Magallanes-Castro provided the items given to him by Luis Fernando Gracia and intended to be smuggled from the United States into Mexico, to Victor Garayzar for the purpose of facilitating the smuggling of the items.

During this timeframe, Victor Garayzar provided the items given to him by Esteban Magallanes-Castro and intended to be smuggled from the United States into Mexico, to Juan Alberto Ramos-Sharpe for the purpose of smuggling of the items. Garayzar also provided monetary compensation to Ramos-Sharpe to smuggle the items into Mexico.

During this timeframe, Juan Alberto Ramos-Sharpe smuggled the items given to him by Victor Garayzar into Mexico, and provided them to Luis Fernando Gracia in Mexico.

On August 28, 2018, Juan Alberto Ramos-Sharpe attempted to smuggle 21 ballistic helmets and two rifle scopes from the United States into Mexico through the Port of Entry in Nogales, Arizona. These items had been acquired by Luis Fernando Gracia. Gracia then provided the items to Esteban Magallanes-Castro, Magallanes-Castro provided the items to Victor Garayzar, and Garayzar provided the items to Ramos-Sharpe, all to facilitate the smuggling of the items. Ramos-Sharpe intended to provide the items back to Gracia in Mexico.

All in violation of 18 U.S.C. Section 371.

## COUNT 2

From on or about February 12, 2015, through on or about August 29, 2018, at or near Nogales and elsewhere within the District of Arizona, LUIS FERNANDO GRACIA knowingly exported and sent from the United States, and attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit:

- February 12, 2015: 84 handcuffs, 176 batons, 60 pepper sprays
- April 28, 2015: 129 handcuffs, 77 batons, 6 tasers, 30 pepper sprays
- May 28, 2015: 360 handcuffs, 434 batons, 309 pepper sprays
- June 1, 2015: 202 handcuffs, 58 batons
- June 15, 2015: 3 tasers
- June 22, 2015: 24 handcuffs, 10 batons
- June 30, 2015: 3 handcuffs
- July 27, 2015: 72 handcuffs, 84 batons, 10 tasers
- August 20, 2015: 224 handcuffs, 28 batons
- September 15, 2015: 84 handcuffs, 30 pepper sprays, 10 batons
- October 1, 2015: 160 handcuffs, 12 pepper sprays, 12 tasers
- October 6, 2015: 216 handcuffs, 324 batons, 200 pepper sprays
- October 19, 2015: 122 handcuffs

1. • October 26, 2015: 65 handcuffs, 72 batons, 130 pepper sprays
2. • November 11, 2015: 89 handcuffs, 10 batons, 30 pepper sprays
3. • November 19, 2015: 144 handcuffs
4. • December 1, 2015: 432 handcuffs, 100 pepper sprays
5. • December 16, 2015: 170 pepper sprays
6. • February 8, 2016: 226 handcuffs, 10 batons
7. • February 15, 2016: 86 handcuffs, 68 batons
8. • March 10, 2016: 144 handcuffs
9. • April 1, 2016: 288 handcuffs, 132 batons, 40 pepper sprays
10. • April 5, 2016: 504 handcuffs, 500 batons, 300 pepper sprays
11. • June 29, 2016: 24 handcuffs, 22 batons, 20 pepper sprays
12. • July 18, 2016: 510 handcuffs, 35 batons
13. • July 29, 2016: 59 handcuffs
14. • August 22, 2016: 237 handcuffs
15. • September 14, 2016: 134 handcuffs, 47 batons, 35 pepper sprays
16. • October 3, 2016: 72 batons
17. • October 25, 2016: 216 handcuffs, 20 pepper sprays, 87 batons
18. • February 16, 2017: 442 handcuffs, 138 batons
19. • April 25, 2017: 25 handcuffs, 66 batons
20. • May 25, 2017: 250 handcuffs
21. • October 19, 2017: 504 batons
22. • November 1, 2017: 320 handcuffs, 36 batons
23. • November 21, 2017: 72 batons
24. • December 8, 2017: 50 handcuffs, 66 batons
25. • December 21, 2017: 24 handcuffs, 12 batons
26. • January 30, 2018: 300 handcuffs, 137 pepper sprays, 39 batons
27. • April 9, 2018: 237 handcuffs, 98 batons
28. • April 30, 2018: 45 handcuffs, 93 batons

- June 18, 2018: 300 handcuffs, 54 batons
- June 26, 2018: 50 handcuffs, 260 pepper sprays
- August 29, 2018: 20 pepper sprays

knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 13, United States Code, Section 305; Title 50, United States Code, Section 1705; and Title 15, Code of Federal Regulations, Parts 742, 746, 764, and 748; and the Export Control Reform Act of 2018, Pub.L.No. 115-232, title 17, subtitle B, 132 Stat. 2208 (2018); in violation of Title 18, United States Code, Section 554(a).

## COUNT 3

On or about August 28, 2018, JUAN ALBERTO RAMOS-SHARPE knowingly exported and sent from the United States, and attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit: 21 ballistic helmets and two rifle scopes; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: the Export Control Reform Act of 2018, Pub.L.No. 115-232, title 17, subtitle B, 132 Stat. 2208 (2018); in violation of Title 18, United States Code, Section 554(a).

## COUNT 4

From on or about October 11, 2016, through on or about March 12, 2019, at or near Nogales and elsewhere within the District of Arizona, LUIS FERNANDO GRACIA knowingly and willfully made any materially false, fictitious, and fraudulent statement and misrepresentation in any matter within the jurisdiction of the Government of the United States; to wit, declared the following classifications of merchandise in connection with transportation and exportation entries and in-bond applications required to be filed with the United States Department of Homeland Security, Customs and Border Protection:

- April 22, 2016: 442 lb plastic toy holsters
- October 11, 2016: 371 lb plastic toy holsters

- May 2, 2017: 379 lb plastic toy holsters
- July 25, 2017: 264 kg plastic toy holsters
- December 5, 2018: 254 kg plastic toy holsters
- March 12, 2019: 593 lb plastic toy holsters

when in fact the merchandise consisted of actual holsters; in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 5

From on or about February 12, 2015, through on or about March 12, 2019, within the District of Arizona and elsewhere, LUIS FERNANDO GRACIA did knowingly and willfully transmit or transfer a monetary instrument or funds to a place in the United States from or through a place outside the United States, that is: the Republic of Mexico; with the intent to promote the carrying on of a specified unlawful activity, that is: the smuggling of goods from the United States involving Export Administration Regulations controlled items and commodities. Specifically, LUIS FERNANDO GRACIA transported bulk U.S. Currency into the United States from the Republic of Mexico through Nogales, Arizona, with the knowledge and intent that these funds were to be used to engage in monetary transactions affecting interstate and foreign commerce, that is: the procurement of Export Administration Regulations controlled items and commodities that were to be illegally exported into the Republic of Mexico. LUIS FERNANDO GRACIA knew that the funds were intended to promote the carrying on of specified unlawful activity, that is: Smuggling Goods From the United States, contrary to law and regulation of the United States, that is: Title 18, United States Code, 554(a), Title 13, United States Code, Section 305; Title 50, United States Code, Section 1705; and Title 15, Code of Federal Regulations, Parts 742, 746, 764, and 748. The transfers of monetary instruments and funds from the country of Mexico to the United States involved the amount of $898,490; all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 1, 2, 3, and 5 of this Indictment, defendants, LUIS FERNANDO GRACIA, ESTEBAN MAGALLANES-CASTRO, VICTOR GARAYZAR, and JUAN ALBERTO RAMOS-SHARPE shall forfeit to the United States:

1) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 554, or a conspiracy to commit such offense; and

2) pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in a violation of Title 18, United States Code, Section 1956, and any property traceable to such property.

The property to be forfeited includes, but is not limited to: $898,490 in U.S. currency and a sum of money equal to the amount of proceeds the defendants obtained pursuant to the offenses.

If any of the property described above, as a result of any act or omission of the defendants: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendants.

///

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 28, United States Code, Section 2461(c) and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

_____
Presiding Juror

MICHAEL BAILEY
United States Attorney
District of Arizona
/s/

REDACTED FOR
PUBLIC DISCLOSURE

Assistant U.S. Attorney

Dated:   May 29, 2019